IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHESTER LOWE HUFF                    §
     TDCJ-CID NO. 582855        §
v.                                   §          C.A. NO. C-10-261
                                     §
RICK THALER                          §

### OPINION AND ORDER GRANTING
### RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas.  On July 29, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging disciplinary proceedings.  (D.E. 1, 2).  Pending are Respondent's motion for summary judgment, (D.E. 15), and Petitioner's motion to amend relief.  (D.E. 18).  For the reasons stated herein, Respondent's motion for summary judgment is granted, Petitioner's motion to amend relief is denied, and this habeas action is dismissed.

### I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is confined in Beeville, Texas.  (D.E. 1).  Jurisdiction is, therefore, proper in this Court.  28 U.S.C. § 124(b)(6).  After consent by the parties, (D.E. 9, 20), the case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 21); see also 28 U.S.C. § 636(c).

### II.  BACKGROUND

On April 21, 2010, a therapist working at the prison psychiatric facilities where Petitioner was receiving care reported that he had made comments suggesting that he was considering

committing suicide by striking a guard with a hoe while working in the fields and then pretending to escape.  Disciplinary Hearing Record ("DHR"), at 3.  The next day, Petitioner was charged with threatening to escape.  Disciplinary Grievance Record 2 ("DGR-2"), at 3.  On May 5, 2010, a disciplinary hearing convened to adjudicate the charge against Petitioner.  Id.  A second hearing was held a week later, on May 12, 2010, after which he was found guilty.  Id.

On May 13, 2010, Petitioner filed a Step 1 grievance challenging various procedural shortcomings in the prosecution of the escape case against him, including discrepancies between forms, his inability to call witnesses, and insufficiently zealous advocacy on the part of his counsel substitute.  Id.  Warden Crites denied that grievance on June 10, 2010, noting that there was sufficient evidence to support the guilty verdict and that the witnesses he requested had not been present at the time of the incident.  Id. at 4.  On June 14, 2010, Petitioner filed a Step 2 grievance, largely reiterating his complaints and also alleging that his Step 1 grievance was inadequately investigated by Warden Crites.  Id. at 1.  In response to that grievance, the disciplinary case was overturned on July 15, 2010, and Petitioner's records were corrected.  Id. at 2.

On July 21, 2010, Petitioner was recharged with threatening to escape.  DHR, at 1.  A hearing was held regarding the case on July 30, 2010.  Id. at 1.  At the hearing, a prison official recounted the investigation that had taken place, and the therapist confirmed her original account of Petitioner's comments regarding escape.  Petitioner questioned these witnesses through his substitute counsel.  Id.  He presented various documents to the disciplinary hearing officer, who read them aloud and discussed them with Petitioner.  Id.  At the close of the hearing, the hearing officer found Petitioner guilty.  Id.  Petitioner was punished with a reduction in his line class and

the loss of good-time credits.  Id.

On August 2, 2010, Petitioner filed a Step 1 grievance, alleging that various improprieties occurred at his July 30 disciplinary hearing that rendered his conviction void.  DGR, at 1.  In particular, he claimed that he had not been able to call or question witnesses, that relevant evidence was withheld, and that the witnesses testified without personal knowledge of the incident.  Id. at 1-2.  The grievance was denied by Warden Guterrez on August 2, 2010, who wrote that the guilty verdict was grounded on adequate evidence and that no Due Process errors occurred to merit an overturning of the conviction.  Id. at 2.

On August 2, 2010, Petitioner filed this petition.  (D.E. 1).  He dated it July 29, 2010.  (D.E. 2, at 4).  He indicates in the complaint that he is attacking Disciplinary Case Number 20100238536, i.e., his first conviction, which was imposed in May 2010 and overturned on July 15, 2010.  DGR-2, at 2.

### III.  PETITIONER'S ALLEGATIONS

Petitioner alleges that he was falsely accused of threatening to escape from prison.  (D.E. 1-1, at 6).  He further asserts that he was ultimately charged with a different offense than the one he was initially questioned about.  Id.  In addition, he claims that his Due Process rights were violated during the disciplinary hearings that followed, including the right to call and question witnesses, the right to an effective counsel to investigate his claim, and the right to present evidence.  (D.E. 2, at 2-3).  As a result of these deficiencies, Petitioner argues that he was wrongfully convicted of the offense and wrongfully penalized with a loss of good-time credits and a reduction in line class.  Id. at 3.

## IV.  DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner's claims are unexhausted and procedurally barred from federal review.  (D.E. 15, at 4). In particular, he contends that Petitioner's challenge to his original case number is moot because his conviction was overturned.  Id. at 6.  He further argues that Petitioner's challenge to his second case number is barred by his failure to exhaust administrative remedies because he never filed a Step 2 grievance against it.  Id. at 7-8.

In addition, addressing the merits, Respondent maintains that Petitioner's challenge to his reduction in line class fails to state a deprivation appropriate for federal habeas review.  Id. at 9-11.  Moreover, he asserts that Petitioner's loss of good-time credit does not affect a protected liberty interest.  Id. at 11-12.  Finally, he argues that any implicit challenge based on Petitioner's eligibility for parole does not invoke Due Process concerns.  Id. at 12.

### A.    The Standard Of Review For Summary Judgment Motions.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by

identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams, 836 F.2d at 960 (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner's Challenge To Disciplinary Case Number 20100238536 Is Moot.**

Respondent contends that Petitioner's challenge to Disciplinary Case Number 20100238536, his original overturned conviction and the only number he references in his petition, should be dismissed as moot.  (D.E. 15, at 6-7).  This Court's authority extends only to actual cases or controversies.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam) (citation omitted); see also Allen v. Wright, 468 U.S. 737, 750 (1984).  When relief

sought by a habeas petitioner is no longer available, the remedy is moot, and dismissal of the petition is appropriate.  See Bagwell v. Dretke, 376 F.3d 408, 412 (5th Cir. 2004) (discussing habeas petition where petitioner was no longer in custody) (citations omitted); Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982) (per curiam) (discussing habeas petition challenging extension of jail time where petitioner had been released) (citations omitted).

Although Respondent notes that a conviction must continue to generate collateral consequences after it has been overturned in order to present an actual case or controversy, he has not provided any records to indicate what penalty was imposed upon Petitioner as a result of his original conviction.  (D.E. 15, at 6).  It is therefore unclear what adverse ramifications might have been set in motion by the conviction, and unclear whether they might still be affecting Petitioner.  Nevertheless, the only relief Petitioner requests is the restoration of line status and good-time credits which he lost as a result of his second conviction, the expungement of his record, and the "dismissal" of the charges.  (D.E. 2, at 4; D.E. 18, at 1).

Petitioner has not contended that he continues to suffer from reductions in his line class status or good-time credits from his first conviction, independently of the later conviction.  The only evidence concerning such punishments concern the second conviction.  Consequently, the requested remedies relating to the line status and good-time credits are properly treated as attendant to his challenge to the second conviction and are discussed below.  With respect to the expungement and the dismissal, Petitioner's record was presumably made to reflect the fact that the first conviction was overturned.  DGR-2, at 2.  He has supplied no evidence to indicate otherwise.  In any event, it is unclear how a judicial declaration regarding the nullity of this conviction would differ from the decision already made by prison authorities to void it.

6

Accordingly, Petitioner's challenge to his overturned conviction is moot.

**C.      Petitioner Failed To Exhaust Administrative Remedies With Respect To His Challenge To Disciplinary Case Number 20100325918.**

The Fifth Circuit has instructed lower courts to construe <u>pro</u> <u>se</u> habeas petitions liberally. <u>Koch v. Puckett</u>, 907 F.2d 524, 530 (5th Cir. 1990).  Although Petitioner only cites his first disciplinary case by number, it is clear given the nature of his complaints that he means to attack his second conviction as well.  (D.E. 1, 2).  Respondent acknowledges that this is the most reasonable reading of Petitioner's argument.  (D.E. 16, at 5).  With respect to these later disciplinary proceedings, Respondent avers that Petitioner failed to exhaust his administrative remedies.  (D.E. 16, at 5-8).

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Carter v. Estelle</u>, 677 F.2d 427, 443-44 (5th Cir. 1982). However, because Texas state courts do not review the results of prison disciplinary proceedings, a petitioner is required to pursue his claims through the prison administrative appeals process, rather than state court.  <u>Ex parte Palomo</u>, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc).

The Texas Department of Criminal Justice provides a two-step procedure for presenting administrative grievances.  <u>Powe v. Ennis</u>, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam).  An

inmate properly exhausts a claim by presenting it in Step 1 and Step 2 grievances.  Morgan v.
Dretke, 433 F.3d 455, 457 (5th Cir. 2005).

Where a petitioner "fails to exhaust available state remedies and 'the court to which the
petitioner would be required to present his claims in order to meet the exhaustion requirement
would now find the claims procedurally barred,'" then the claims are procedurally defaulted.
Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 501 U.S.
722, 735 n.1 (1991)).  Federal habeas corpus relief may only be granted on procedurally
defaulted claims if a petitioner "can demonstrate cause for the default and actual prejudice as a
result of the alleged violation of federal law or demonstrate that failure to consider the claims
will result in a fundamental miscarriage of justice."  Moawad v. Anderson, 143 F.3d 942, 947
(5th Cir. 1998) (citation omitted).  Notwithstanding a petitioner's failure to exhaust state
remedies, an application for a writ of habeas corpus may be denied on the merits.  28 U.S.C.
§ 2254(b)(2).

Petitioner's grievance forms as provided by Respondent suggest that he never pursued his
grievance against Disciplinary Case Number 20100325918 through Step 2 of the process.  DGR,
at 1-2.  Indeed, Petitioner's Step 1 grievance indicates that it was received on August 2, 2010 and
returned to him the following day.  Id. at 1.  Petitioner dated his habeas complaint July 29, 2010,
and it was docketed on August 2, 2010.  (D.E. 1-1, at 9-10).  Therefore, it would have been
impossible for Petitioner to have filed a Step 2 grievance in this matter before filing his habeas
petition.  More strikingly, it seems that he in fact submitted his complaint with the Court before
he filed even his Step 1 grievance.  Petitioner has pointed to no evidence suggesting otherwise.
Accordingly, Petitioner failed to exhaust his complaint with respect to his claim challenging

Disciplinary Case Number 20100325918.

Furthermore, Petitioner is unable to overcome the burden of advancing a habeas claim that is procedurally defaulted, for he received all of the proper Due Process rights he was entitled to at his second hearing, and is thus unable to show prejudice or a fundamental miscarriage of justice.  Moawad, 143 F.3d at 947.  The Supreme Court has explained that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted); Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) (per curiam) (citing Wolff). Petitioner was not deprived of any of the rights enumerated in Wolff.  See 418 U.S. at 564-66.

Moreover, Petitioner points to no evidence suggesting that the purported procedural defects actually biased his hearing, or influenced its outcome in any way.  On the contrary, the audio recording from the hearing demonstrates that his substitute counsel ably represented him and was solicitous to his strategic input on the case.  His questions were relayed directly to the witnesses, and the hearing officer inquired thoroughly into their version of events.  The hearing officer also read aloud the materials Petitioner brought to the hearing, and discussed their import with him in detail.  Petitioner's attack on the procedural integrity of his hearing therefore is groundless.

In addition, Petitioner conceded at his hearing the central piece of evidence upon which his conviction rested: the fact that he expressed thoughts of attacking a guard with a hoe and, at the very least, pretending to attempt to escape.  He clearly articulated his position at the hearing that this comment did not constitute a threat to escape because it was driven by suicidal emotions rather than a desire to become a fugitive.  This position was considered and discussed at length

by the hearing officer and rejected when he found Petitioner guilty.  Petitioner has never fully explained the fundamental rationale for why he regards the statements he admitted to making as substantively different from threatening to escape.  The security concerns involved in a fake suicidal escape that includes an assault on a guard and that of a real escape are surely nearly identical, regardless of the inmate's motives.  It is difficult to discern any plausible argument to support the distinction, and Petitioner has not offered one.  There is thus no apparent cause for the default, no prejudice, and no fundamental miscarriage of justice.  Moawad, 143 F.3d at 947.

Finally, the Fifth Circuit has explained that in extraordinary circumstances the exhaustion requirement may be inapplicable.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Petitioner does not raise any extraordinary circumstances in his filings.  Moreover, a review of the record as a whole does not reveal any.  Accordingly, Petitioner failed to exhaust his administrative remedies with respect to his claim challenging Disciplinary Case Number 20100325918, and his claims in that regard are dismissed.

**D.    Petitioner's Challenge Does Not Invoke A Constitutionally Protected Right.**

Respondent argues that Petitioner's challenge to his reduction in line class fails to state a constitutional deprivation for purposes of federal habeas jurisprudence.  (D.E. 15, at 9-11).  He further argues that Petitioner's challenge to his loss of good-time credits does not invoke a protected liberty interest, and that none of his claims therefore survive summary judgment.  Id. at 11-12.  Because these challenges fail to present any constitutional claims, summary judgment is granted.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate

10

under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated."  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (citation omitted).  The Supreme Court has explained that "these [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

> **1.    Petitioner had no liberty interest in his line class status.**

Petitioner requests that his line status be restored to the level it was at before his guilty finding.  (D.E. 2, at 4).  The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status.  Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).  Accordingly, Petitioner fails to state a claim based on the change in his line class, and this claim is dismissed.

> **2.    Petitioner had no liberty interest in his good-time credits.**

Petitioner challenges his loss of good-time credits.  (D.E. 2, at 1).  Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release

program.  Madison, 104 F.3d at 768.  Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence.  Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1, § 4) (now codified at Tex. Gov't Code § 498.003(a)).  An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole.  Malchi, 211 F.3d at 957 (quoting Madison, 104 F.3d at 768); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas).  Thus, to the extent Petitioner claims that his loss of good-time credits adversely affects his parole eligibility, he fails to state a constitutional claim.

The Texas Court of Criminal Appeals has held that inmates who are eligible for release to mandatory supervision do have a protected liberty interest in that release.  See Ex parte Geiken, 28 S.W.3d 553, 558-59 (Tex. Crim. App. 2000) (en banc).  To have a liberty interest in mandatory supervision, the inmate must be eligible for such supervised release.  See Malchi, 211 F.3d at 957-58 (only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest) (citations omitted).  Pursuant to Texas law, inmates are not eligible for release to mandatory supervision if they are serving a sentence for certain crimes.  See Tex. Gov't Code § 508.149; accord Kossie v. Crain, 602 F. Supp. 2d 786, 791 (S.D. Tex. 2009).  Petitioner was convicted of second degree robbery, which bars him from consideration for mandatory supervision.  Tex. Gov't Code § 508.149(a)(11); see also Tex. Penal Code § 29.02 (robbery statute).  Thus, to the extent

Petitioner claims that his loss of good-time credits adversely affects his eligibility for mandatory supervision, he fails to state a constitutional claim.

Therefore, because Petitioner has no liberty interest in his good-time credits with respect to either parole or mandatory supervision, he fails to state a claim based on his loss of good-time credits. Furthermore, none of Petitioner's claims invoke constitutionally protected rights and his petition therefore is dismissed.

**E.    Petitioner's Motion To Amend Relief Is Moot.**

On October 7, 2010, Petitioner filed a motion to amend relief, asking for his line class status and good-time credits to be restored, for the threatened escape charge to be expunged from his record, and for the April 21, 2010 disciplinary case to be dismissed. (D.E. 18, at 1). At the conclusion of his complaint, Petitioner likewise sought the restoration of his line class status and good-time credits, and for the removal of the escape charge from his record. (D.E. 2, at 4). There was no need for him to amend the relief sought to add these requests, as they were already included in his petition.

Accordingly, Petitioner's motion to amend relief, (D.E. 18), is denied as moot.

### V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, a district court ruling on a petitioner's relief may <u>sua</u> <u>sponte</u> rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very

issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further."  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, Petitioner is not entitled to a certificate of appealability.

## VI.  CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 15), is granted, Petitioner's motion to amend relief, (D.E. 18), is denied, and this habeas petition, (D.E. 1), is dismissed.  Additionally, Petitioner is denied a certificate of appealability.

ORDERED this 9th day of December 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE